IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PHILLIP DOSKOCIL,  §<br>     Plaintiff,  §<br>  §<br>v.  §<br>  §   Civil Action No. 3:17-CV-2434-L-BK<br>NANCY A. BERRYHILL,  §<br>Acting Commissioner of Social  §<br>Security Administration,  §<br>     Defendant.  § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3* and 28 U.S.C. § 636(b), *Defendant's Unopposed Motion for Remand*, Doc. 19, has been referred to the undersigned for a recommended disposition.  For the reasons set forth herein, the Court recommends that Defendant's motion be **GRANTED**, the Commissioner's decision **REVERSED**, and the case **REMANDED** for further administrative proceedings.

On September 13, 2017, Plaintiff filed a complaint in this case, seeking judicial review of a final administrative decision of the Commissioner denying his application for disability benefits under the Social Security Act (the "Act").  Doc. 1.  On March 6, 2018, Plaintiff filed his motion for summary judgment arguing that the administrative law judge erred in denying Plaintiff's request to subpoena his treating and examining physicians, Drs. Earl C. Ruby, D.O. and Kelly Davis, D.O., respectively.  Doc. 15 at 8-9.  After receiving an extension to file her cross-motion for summary judgment, Defendant filed *Defendant's Unopposed Motion for Remand* under the fourth sentence of section 405(g) of the Act, 42 U.S.C. § 405(g).  Doc. 19.  Therein, Defendant concedes that "remand should be obtained for rehearing, including the

issuance of subpoenas for the testimony of Drs. Ruby and Davis, and a new administrative decision." Doc. 19 at 2.

In *Melkonyan v. Sullivan*, 501 U.S. 89, 97-102 (1991), the Supreme Court made clear that there are only two types of remand orders permitted under 42 U.S.C. § 405(g). The fourth sentence of § 405(g) further states that the remand order may be entered upon the pleadings and transcript of the record. 42 U.S.C. § 405(g). The Supreme Court has held that a remand for further administrative proceedings, like the remand requested in the case at bar, is a fourth sentence remand under 42 U.S.C. § 405(g). *See Sullivan v. Finkelstein*, 496 U.S. 617, 625-26 (1990) (sentence four provides the appropriate relief when the evidence on the record does not support the Commissioner's conclusions and further fact finding is necessary).

Having reviewed the record, the submissions of the parties and the applicable law, it is recommended that Defendant's *Unopposed Motion to Remand*, Doc. 19, be **GRANTED**, the Commissioner's decision **REVERSED**, and the case **REMANDED** for further administrative proceedings.

**SO RECOMMENDED** on April 26, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

2

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

3