IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PHILLIP DOSKOCIL §<br>    PLAINTIFF, §<br>§<br>v. §<br>§<br>COMMISSIONER OF SOCIAL SECURITY, §<br>    DEFENDANT. § | CIVIL CASE NO. 3:17-CV-2434-L-BK |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to *Special Order 3*, the Court now considers Plaintiff's M*otion for and Memorandum in Support of Award of Attorney Fees Under 406(b) of the Social Security Act*, Doc. 27. For the reasons that follow, the motion should be **GRANTED**.

## I.  BACKGROUND

In September 2017, Plaintiff filed a complaint seeking reversal and remand of the decision by the Commissioner of Social Security that denied his claims for disability insurance benefits under the Social Security Act. Doc. 1. Subsequently, the Court entered judgment reversing the Commissioner's decision and remanding the case for further proceedings. Doc. 20; Doc. 22. Thereafter, counsel was awarded attorney's fees in the amount of $3,561.37 under the Equal Access to Justice Act ("EAJA"). Doc. 26. In July 2019, the Commissioner found Plaintiff disabled and awarded him benefits retroactive to August 2013, totaling $161,134.00. Doc. 27 at 2; Doc. 27-1 at 2.

Consistent with counsel's contingency fee agreement with Plaintiff, the Social Security Administration notified Plaintiff that it had withheld $40,283.50 from his past due benefits, representing 25 percent, as potential payment for his legal fees. Doc. 27-1 at 3. Counsel now

requests that he be awarded a portion of the total withheld for attorney's fees, to-wit $12,000 (7.4 percent), as permitted by section 406(b) of the Social Security Act. Doc. 27 at 8.

## II.  APPLICABLE LAW

Under 42 U.S.C. § 406(b), whenever a court renders a judgment favorable to a Social Security claimant, the court may award the claimant's attorney up to 25 percent of the total of the past-due benefits to which the claimant is found to be entitled. Attorneys who successfully represent Social Security benefits claimants in court may receive fees under both the EAJA and section 406(b), "but . . . must refund to the claimant the amount of the smaller fee." *Jackson v. Astrue*, 705 F.3d 527, 529 (5th Cir. 2013) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002)) (some alterations omitted). Section 406(b) calls for courts to conduct an independent review of these contingency arrangements to ensure that the attorney for the successful claimant has met their burden of demonstrating that the fee sought is reasonable. *Gisbrecht*, 535 U.S. at 807.

If the benefits resulting from a contingency fee agreement are large compared to the time counsel spent on the case, the fee should be adjusted downward to avoid a windfall for counsel. *Id.* at 808. The Court of Appeals for the Fifth Circuit has not prescribed an exhaustive list of factors to consider in determining whether a fee award in this context represents a windfall that would warrant a downward adjustment. *Jeter v. Astrue*, 622 F.3d 371, 381 (5th Cir. 2010). However, it has implicitly approved several factors considered by lower courts, including "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Id.* at 382 (citation omitted).

### III.  ANALYSIS

Here, the relevant factors weigh in favor of approving Plaintiff's counsel's motion.  First, courts have consistently recognized that there is a substantial risk of loss in civil actions for social security disability benefits.  *See, e.g.*, *Hartz v. Astrue*, No. 08-4566, 2012 WL 4471846, at *6 (E.D. La. Sept. 12, 2012) (collecting cases), *adopted by* 2012 WL 4471813 (E.D. La. Sept. 27, 2012); *Charlton v. Astrue*, No. 3:10-CV-056-O-BH, 2011 WL 6325905, at *4 (N.D. Tex. Nov. 22, 2011) (Ramirez, J.) (noting that, in the year 2000, only 35 percent of claimants who appealed their cases to federal court received benefits), *adopted by* 2011 WL 6288029 (N.D. Tex. Dec. 14, 2011).  Counsel in this case faced just such a risk because Plaintiff already had lost at all levels of the administrative proceedings.

Additionally, counsel's contingency fee agreement with Plaintiff calls for an award of 25 percent of Plaintiff's retroactive benefits.  Doc. 27-3 at 3.  There is no suggestion that any fraud or overreaching occurred, as Plaintiff signed the fee agreement and counsel acted in a timely fashion in litigating the case and achieving a significant victory for his client.  *Gisbrecht*, 535 U.S. at 807-08 (noting that the reviewing court should consider whether the attorney was responsible for any delay and the size of the award achieved in relation to the amount of time invested); *Jeter*, 622 F.3d at 382 (stating that courts may consider the fact that the client consented to the fee arrangement in assessing whether the fee is reasonable).

The size of the requested fee award, $12,000.00, divided by the 17.75 hours that counsel expended on the case, leads to an hourly rate of $676.05, which is more than counsel's standard hourly rate of $463.00.  Doc. 27 at 3, 10 (averring counsel spent 17.75 hours on this case); Doc. 27-2 at 3 (billing record totaling 18.75 hours due to 1.0 hour spent on EAJA motion).  Nevertheless, the risk involved in litigating a contingency case of this nature should not be

overlooked. *See Jeter*, 622 F.3d at 379-80 (holding that courts can consider the lodestar calculation as one measure in determining whether the contingency fee is reasonable and not a windfall). The hourly rate is also well within the range previously approved in other social security cases. *See, e.g.*, *James v. Saul*, No. 3:17-CV-0514-D-BH , 2019 WL 5580207, at *2 (N.D. Tex. Oct. 3, 2019) (finding hourly rate of $651.61 reasonable), *adopted by* 2019 WL 5579188 (N.D. Tex. Oct. 28, 2019) (Fitzwater, J.); *Panos v. Berryhill*, No. EP-17-CV-00220-ATB, 2019 WL 2368684, at *4 (W.D. Tex. June 5, 2019) (hourly rate of $793.98); *Quezada v. Comm'r of Soc. Sec. Admin.*, No. 6:10-CV-00672-LED-JDL, 2017 WL 3394512, at *3 (E.D. Tex. Aug. 8, 2017) (hourly rates of $711.41 and $750.69). Additionally, counsel has exclusively practiced Social Security disability law for over 25 years and is board certified in that field. Doc. 27-5 at 2; *Jeter*, 622 F.3d at 382 (noting that courts will consider attorney experience and skill in determining the reasonableness of the fee). Thus, the Court concludes that counsel's hourly rate is reasonable.

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff's *Motion for and Memorandum in Support of Award of Attorney Fees Under 406(b) of the Social Security Act*, Doc. 27, should be **GRANTED**, and counsel should be awarded attorney's fees in the amount of $12,000.00.[1]

**SO RECOMMENDED** on June 11, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Because the Court previously awarded counsel fees pursuant to the EAJA, Doc. 26, he must refund the smaller fee award to Plaintiff. *Gisbrecht*, 535 U.S. at 796. Counsel represents that he will directly reimburse Plaintiff the lesser amount. Doc. 27 at 12.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's findings, conclusions and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).